**Michael E. Farnell**, OSB # 922996
mfarnell@pfglaw.com
**Seth H. Row**, OSB # 021845
srow@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
Attorneys for Plaintiff Umpqua Bank

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| UMPQUA BANK, an Oregon chartered commercial bank,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio insurance company,<br><br>Defendant. | Case No: _____<br><br>**COMPLAINT**<br>Breach of Contract<br>(28 U.S.C. § 1332)<br><br>**DEMAND FOR JURY TRIAL** |

### JURISDICTION AND VENUE

1.

This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

///

Page 1 – COMPLAINT

2.

Under 28 U.S.C. § 1391(a) and LR 3-2, venue is appropriate in the District of Oregon, Eugene Division because a substantial part of the events or omissions giving rise to the claims occurred in that District and Division, and because the defendant is subject to personal jurisdiction in that District.

## PARTIES

3.

Plaintiff UMPQUA BANK ("Umpqua") was and is an Oregon-chartered commercial bank with its principal place of business in Roseburg, Douglas County, Oregon.

4.

Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY ("Progressive") was and is an insurance company having its domicile and principal place of business in Mayfield Village, Ohio. On information and belief, Progressive was and is a private unincorporated subsidiary of Progressive Corporation, an insurance corporation incorporated under the laws of Ohio and having its principal place of business in Mayfield Village, Ohio. Progressive was and is authorized to issue insurance policies in the state of Oregon.

## ALLEGATIONS OF FACT

5.

Progressive issued a Directors & Officers Liability Policy ("D&O Policy") to Umpqua providing coverage for the directors, officers, and employees of Umpqua. The D&O Policy contains additional coverage under a Broad Form Company Liability Insuring Agreement ("BFCLIA"), which provides coverage for Umpqua itself for claims arising out of its operations as a financial institution. The D&O Policy, endorsed with the BFCLIA, was issued under policy number 10028871-05 for the period 5/20/09 to 5/20/11 ("Progressive Policy"). The Progressive Policy provides $10,000,000 in BFCLIA limits per policy year.

6.

The Progressive Policy provides that Progressive "will pay on behalf of [Umpqua], **Loss** resulting from **Claims** first made during the **Policy Period** or Discovery Period against [Umpqua] for which [Umpqua] is legally obligated to pay for **Wrongful Acts**." (emphasis in original).

7.

In June, 2009, Kevin Padrick, as trustee of the Summit Accommodators Liquidating Trust ("Summit"), filed suit against Umpqua in the Circuit Court for the State of Oregon, County of Multnomah, Case No. 0906-08488 ("*Padrick Lawsuit*"). Mr. Padrick alleged that Umpqua aided and abetted the principals of Summit in breaching fiduciary duties they owed to Summit and in converting Summit's property, and sought damages from Umpqua.

8.

In September, 2009, Danae Miller and 56 other plaintiffs filed suit against Umpqua in the Circuit Court for the State of Oregon, County of Multnomah, Case No. 0909-12729 ("*Miller Lawsuit*"). The *Miller Lawsuit* plaintiffs alleged that Umpqua aided and abetted the principals of Summit in tortious conduct, and sought damages from Umpqua. The *Padrick Lawsuit* and the *Miller Lawsuit* were consolidated, and are referenced hereinafter as the "*Consolidated Cases*."

9.

Umpqua tendered the *Padrick Lawsuit* to Progressive under the Progressive Policy in June, 2009, and tendered the *Miller Lawsuit* to Progressive under the Progressive Policy in September, 2009. Progressive accepted the tender under a reservation of rights and reimbursed Umpqua for its defense in the *Consolidated Cases* under the terms of the Progressive Policy.

10.

On September 20 and 21, 2010, Umpqua and Progressive participated in a mediation of the *Consolidated Cases*. On September 21, 2010, the *Consolidated Cases* were settled as part of a global settlement involving additional parties and cases.

Page 3 – COMPLAINT

11.

Umpqua, with Progressive's consent, negotiated the settlement of the *Consolidated Cases*. That settlement required payment from Umpqua to the plaintiffs in the *Consolidated Cases*.

12.

Progressive agreed to fund approximately just 41% of the settlement amount, thereby forcing Umpqua to pay the unfunded remaining portion of the settlement amount.

13.

Umpqua has paid the unfunded remainder of the settlement amount to the plaintiffs in the *Consolidated Cases*, which payment exceeded $75,000 (that payment referred to hereinafter as the "Unfunded Remainder").

**CLAIM FOR RELIEF**

(Breach of Contract)

14.

Umpqua incorporates and realleges paragraphs 1 through 13 above as if fully set forth herein.

15.

The *Consolidated Cases* asserted "Claims" against Umpqua for "Wrongful Acts," as those terms are defined by the Progressive Policy.

16.

The "Claims" asserted against Umpqua in the *Consolidated Cases* were first made during the "Policy Period," as the term "Policy Period" is defined by the Progressive Policy.

17.

Umpqua suffered a "Loss" resulting from the "Claims" asserted against Umpqua for which Umpqua, as a result of the settlement, is legally obligated to pay, as the term "Loss" is defined by the Progressive Policy.

Page 4 – COMPLAINT

18.

Although the settlement of the *Consolidated Cases* was fully covered under the Progressive Policy, Progressive refused to fund the entirety of the settlement, choosing instead to fund approximately just 41% of the settlement amount and forcing Umpqua to pay the Unfunded Remainder of the settlement amount.

19.

Progressive's refusal to fund the entirety of the settlement in the *Consolidated Cases* constituted a breach of the Progressive Policy.

20.

Umpqua has complied with and satisfied all terms and conditions of the Progressive Policy, excepting any terms or conditions that were excused.

21.

Progressive's breach has damaged Umpqua in an amount to be proven at trial that is in excess of $75,000.

22.

Because of the breach of contract by Progressive alleged above, Umpqua has been required to incur attorneys fees to protect its interests. Pursuant to ORS 742.061, Umpqua is entitled to recover its attorneys fees incurred in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Umpqua prays for judgment as follows:

On its Claim for Relief (Breach of Contract):

  a. Compensatory damages in an amount to be proven at trial that is in excess of $75,000;

  b. Umpqua's costs and disbursements incurred herein;

  c. Umpqua's attorneys' fees pursuant to ORS 742.061;

  d. Prejudgment interest at 9% per annum;

e.  Interest at the maximum legal allowable rate from the date of judgment; and

f.  Any other relief the Court deems just and equitable.

DATED this 22d day of December, 2010.

                PARSONS FARNELL & GREIN, LLP


By: _____
    Michael E. Farnell, OSB # 922996
    Seth H. Row, OSB # 021845
    Telephone: (503) 222-1812
    Of Attorneys for Plaintiff Umpqua Bank

Page 6 – COMPLAINT